IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE MOSER, | Civil No. 3:25-cv-1542 |
| Plaintiff | (Judge Mariani) |
| v. | |
| ROBERT J. KARNES, et al., | |
| Defendants | |

## MEMORANDUM

The Plaintiffs named in this case are Robert Moser ("Moser") and Joseph Gillespie ("Gillespie"). Moser, an inmate confined at the Lebanon County Correctional Facility, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court previously granted Moser leave to proceed *in forma pauperis*. (Doc. 11).

The complaint is presently before the Court for preliminary screening. For the following reasons, the Court will dismiss any putative class claims brought by Moser *pro se* on behalf of another inmate. Otherwise, Moser's complaint shall proceed solely with respect to his individual claims for relief.

### I. Legal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous, malicious, or fails

to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1), (2). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but…disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Moser proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.  The Complaint

Moser asserts that the events giving rise to his claims occurred at the Lebanon County Correctional Facility on July 9, 2025. (Doc. 1, at 2). Moser alleges that he was walking in the dayroom when he slipped and fell on the wet floor. (*Id.*). He alleges that the floor is only mopped once a day, and other individuals previously fell in the same area. (*Id.*). Moser further alleges that Correctional Officer Bonilla and the Maintenance Supervisor knew the floor was wet but failed to take corrective action. (*Id.* at 3). He similarly asserts that Warden Litz failed to remedy the situation. (*Id.*). As a result of the fall, Moser alleges that he injured his neck and back. (*Id.*). He seeks, *inter alia*, compensation for pain and suffering. (*Id.*).

## III. Discussion

The complaint names inmate Gillespie as Moser's co-plaintiff. (Doc. 1). The Court interprets this as an attempt to bring this case as a class action on behalf of Moser's fellow inmate. However, "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." *Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (*per curiam*) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)); *see also Vaughn v. Cambria County Prison*, 709 F. App'x 152, 155 (3d Cir. 2017) (inmate lacked standing to raise constitutional claims on behalf of other inmates). Thus, to the extent that Moser is seeking to raise any claims on behalf of his fellow inmate, he lacks standing to do so.

## IV. Conclusion

The Court will dismiss any putative class claims brought by Moser *pro se* on behalf of inmate Gillespie. Moser's complaint shall proceed solely with respect to his individual claims for relief. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September ___, 2025