**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT LEE MOSER, | : | Civil No. 3:25-cv-1542 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| MICHAEL OTT, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON

JUN 09 2026

PER _____ *Cal* _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff, Robert Lee Moser ("Moser"), an individual formerly confined at the Lebanon County Correctional Facility ("LCCF"), commenced this action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Named as Defendants are Warden Michael Ott, Warden Tina Litz, Correctional Officer Bonilla, (collectively, the "LCCF Defendants"), Kevin Kearney, Jr., PA-C, Medical Supervisor Michelle, and the Maintenance Supervisor. (*See* Docs. 1, 13).

Presently pending is the LCCF Defendants' motion (Doc. 30) to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the Court will grant the Rule 12(b)(1) motion and dismiss the complaint for lack of jurisdiction.

It is also clear that Defendant Kearney is entitled to entry of *sua sponte* dismissal without prejudice since the complaint fails to set forth a viable claim against him. *See Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

---

[1] Moser has been released from custody. (*See* Docs. 35, 42).

In addition, the Court will dismiss the action against Medical Supervisor Michelle and the Maintenance Supervisor pursuant to Federal Rule of Civil Procedure 4(m).

## I.    Allegations of the Complaint

Moser asserts that the events giving rise to his claims occurred at the Lebanon County Correctional Facility on July 9, 2025. (Doc. 1, at 2). Moser alleges that he was walking in the dayroom when he slipped and fell on the wet floor. (*Id.*). He alleges that the floor is only mopped once a day, and other individuals previously fell in the same area. (*Id.*). Moser further alleges that Correctional Officer Bonilla and the Maintenance Supervisor knew the floor was wet but failed to take corrective action. (*Id.* at 3). He similarly asserts that Warden Litz failed to remedy the situation. (*Id.*). As a result of the fall, Moser alleges that he injured his neck and back. (*Id.*). Moser asserts that he underwent an x-ray and submitted several sick call slips. (*Id.*). He further asserts that an MRI (Magnetic Resonance Imaging test) was ordered, and he was waiting to undergo the test. (*Id.*).

For relief, Moser seeks compensation for pain and suffering due to actions of the "negligent parties." (*Id.*). He also requests a new mattress and pillow. (*Id.*).

## II.    Legal Standards

### A.    Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter

jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a facial challenge under Rule 12(b)(1), the standards associated with Rule 12(b)(6) are applicable. *See id.* In this regard, the court must accept all factual allegations in the complaint as true, and the court may consider only the complaint and documents referenced in or attached to the complaint. In a factual challenge to the court's subject matter jurisdiction, the court's analysis is not limited to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891. If a dispute of material fact exists, "the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006); *see also Berardi v. Swanson Mem'l Lodge No. 48*, 920 F.2d 198, 200 (3d Cir. 1990) (stating that a district court must ensure that a plaintiff has "had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing," to support his claim of jurisdiction (citation omitted)).

B.    Federal Rule of Civil Procedure 12(b)(6)

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not

4

entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### C.    Screening of Complaints

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

## III.   <u>Discussion</u>

### A.   <u>LCCF Defendants</u>

The LCCF Defendants move to dismiss the complaint for lack of jurisdiction. (Doc. 31, at 5-8). For this Court to exercise jurisdiction over Moser's claim, there must either be

"a question…presented under federal law" or "diversity of citizenship between the parties." *Gray v. Peruto*, 481 F. App'x 716, 717 (3d Cir. 2012). Federal question jurisdiction requires that a complaint "aris[e] under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, while diversity jurisdiction requires parties to be, *inter alia*, "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000," 28 U.S.C. § 1332(a).

The Court first considers whether Moser has satisfied the diversity statute, 28 U.S.C. § 1332. Moser does not seek monetary damages and thus does not meet the $75,000 threshold. (Doc. 1, at 3). It is clear that he seeks compensation from the "negligent parties" for his state tort claim. (*Id.*). And the addresses provided for the parties suggest that each resided in Pennsylvania at the time Moser initiated this action. (*Id.* at 2). However, Moser does not sufficiently allege the citizenship of the parties insofar as he pleads only his place of incarceration and Defendants' places of employment. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (stating that an individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain indefinitely); *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) ("[T]he domicile of a prisoner before [their] imprisonment presumptively remains [their] domicile during [their] imprisonment."). Therefore, Moser does not meet either requirement for diversity jurisdiction.

7

In the absence of diversity, this Court may exercise jurisdiction over Moser's complaint only if it arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Thus, the Court next considers federal question jurisdiction. Moser's complaint was filled out on the form provided to prisoners raising claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983. In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: (1) "that the alleged deprivation was committed by a person acting under color of state law"; and (2) that he was deprived "of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Moser's complaint alleges that Defendants negligently failed to mop the floors more than once a day, which resulted in an alleged injury when he slipped and fell on the floor. "[M]any...courts, including the [United States Court of Appeals for the] Third Circuit, have reasoned that slip-and-fall injuries stemming from slippery prison surfaces are more within the realm of ordinary negligence," and are, therefore, insufficient to support a constitutional claim. *Hall-Wadley v. Maintenance Dep't*, 386 F. Supp. 3d 512, 517 & n.27 (E.D. Pa. 2019); *see also Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause); *Davis v. Superintendent Somerset SCI*, 597 F. App'x 42, 46 (3d Cir. 2015) ("With regard to [prisoner]'s claims against [prison officials] concerning the maintenance of the walkways, Eighth Amendment liability requires 'more than ordinary lack

8

of due care for the prisoner's interests or safety"); *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 186-87 (3d Cir. 2015) (*per curiam*) (affirming dismissal of claims under § 1915(e)(2)(B)(ii) where inmate alleged he slipped and fell in water pooling near water dispensers, where the "allegations do not plausibly suggest either that [Essex County Correctional Facility] officers permitted the water to pool intentionally to punish the detainees or that the officers' alleged tardiness in responding to the hazard was so excessive in light of their legitimate purpose for providing the dispensers as to amount to punishment"); *Ashton v. Luzerne Cnty. Corr. Facility*, 2009 WL 2168730, at *2 (M.D. Pa. 2009) ("To violate the Eighth Amendment, conditions of confinement must be dangerous, intolerable or shockingly substandard.") (citing *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985) and *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 757 (3d Cir. 1979)); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (mere negligence does not satisfy the deliberate indifference standard; a plaintiff must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm) (internal quotation omitted).  At most, Moser's assertions allege mere negligence, which cannot state a claim for which relief may be granted under 42 U.S.C. § 1983.

For these reasons, the Court finds that it lacks jurisdiction over Moser's claim.

9

B.    Defendant Kearney

The Court also understands Moser to be attempting to bring a claim against Defendant Kearney based on inadequate medical care. This claim fails for two reasons.

First, other than identifying Defendant Kearny as "the doctor [he] want[s] added" to the complaint, Moser does not set forth a single allegation against this individual. (*See* Docs. 1, 13). Moser does not allege that Defendant Kearney was involved in any way in the alleged events giving rise to his claims. It is well-settled that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). It is the plaintiff's burden to "show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) (quoting *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Moser has wholly failed to meet this burden.

Second, to state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious,...if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person

10

would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Here, Moser alleges that he sought and received medical treatment and was waiting to undergo an MRI. (Doc. 1, at 3). Nothing in the complaint sets forth a factual basis for a plausible deliberate indifference claim.

In addition, in *Davidson*, 474 U.S. at 347-48, the United States Supreme Court noted that although a lack of due care had resulted in serious injury to an inmate-plaintiff, "that lack of care simply does not approach the sort of abusive government conduct" which would warrant recovery under Section 1983. *Id.* at 347-348. Simply put, allegations of negligence "do not trigger constitutional protections." *Whooten v. Bussanich*, 248 F. App'x 324, 326 (3d Cir. 2007) (citation omitted). Based on the allegations of the complaint, this is not a situation where Moser is alleging that he was not provided with required medical attention. Rather, Moser's allegations represent his disagreement with the quality of the medical care

11

provided to him.  *See Lanzaro*, 834 F.2d at 346 ("mere disagreement as to the proper medical treatment" is not an actionable Eighth Amendment claim); *Tillery v. Noel*, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (an inmate's objection to the type of medication provided by prison physicians is precisely the type of "disagreement between an inmate and doctors over alternate treatment plans" that falls well short of a constitutional violation). Such claims of negligent medical care are simply not actionable in a civil rights action pursuant to the standards announced in *Davidson* and *Whooten*.  Though the stringent standard of deliberate indifference prevents this action from moving forward, Moser's claims may be subject to vindication under state law.

Accordingly, the Court will *sua sponte* dismiss the claims against Defendant Kearney for failure to allege the requisite personal involvement, and for failure to state a claim.

## IV.   <u>Federal Rule of Civil Procedure 4</u>

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  Medical Supervisor Michelle and the Maintenance Supervisor were named in the complaint that was filed on August 4, 2025 and, to date, have not been identified or served in this case.  The Court must engage in a two-step process in

determining whether to dismiss the unidentified, non-served Defendants or grant Moser additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

In the present matter, Moser failed to establish good cause. The Court notified Moser that the action against Medical Supervisor Michelle and the Maintenance Supervisor was subject to dismissal and directed him to properly identify these individuals. (Doc. 11 ¶ 8; Doc. 38; Doc. 44). The Court also warned Moser that "[f]ailure to comply with this directive will result in dismissal of these Defendants pursuant to Federal Rule of Civil Procedure 4(m)." (Doc. 11 ¶ 8). Moser failed to respond, and his *pro se* status is not good cause to excuse his failure to timely identify or serve these Defendants. *Veal v. United*

13

*States*, 84 F. App'x 253, 256 (3d Cir. 2004). Based upon the lack of *any* explanation for his failure to adhere to the requirements of Rule 4, the Court finds that Moser failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m). It is Moser's responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion. (*See* Doc. 11 ¶¶ 7-8) (advising Moser that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Moser's lack of good faith effort to identify or serve Medical Supervisor Michelle and the Maintenance Supervisor, despite this Court's warning of the possible consequences, including dismissal, the Court concludes that dismissal is appropriate under the present circumstances. Accordingly, the non-identified, non-served Defendants will be dismissed from this action.

## V.    Leave to Amend

Before dismissing a complaint, the Court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In light of the jurisdictional deficiencies discussed

14

above, and the factual and legal deficiencies of Moser's claims against Defendant Kearney, the Court finds that granting Moser leave to amend would be futile.

## VI.    Conclusion

Consistent with the foregoing, the Court will: (1) grant the LCCF Defendants' Rule 12(b)(1) motion (Doc. 30) and dismiss the complaint without prejudice; (2) *sua sponte* dismiss the claims against Defendant Kearney without prejudice; and (3) dismiss the action against Medical Supervisor Michelle and the Maintenance Supervisor pursuant to Rule 4(m).  The action will be dismissed without prejudice to Moser's right to prosecute his claims by filing an action in state court, if he so desires.[2]

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June _____, 2026

---

[2]    The Court expresses no opinion as to whether Moser otherwise meets the requirements for filing in state court.